IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BJ'S ELECTRIC, INC.,

          Plaintiff,     :    Case No. 2:18-cv-1383

  - vs -                            Judge Sarah D. Morrison
                                        Magistrate Judge Elizabeth Preston Deavers
THE CHEROKEE 8A GROUP, INC., *et al.,*
                                   :

          Defendants.

**OPINION AND ORDER**

This matter is before the Court on the Defendants' Motion to Dismiss or Stay Pending Arbitration. (ECF No. 9). Plaintiff filed a Memorandum Contra to the Motion (ECF No. 19) and the Defendants have replied (ECF No. 20). The matter is now ripe for decision.

**I.    BACKGROUND**

Plaintiff BJ's Electric, Inc. initiated this action on October 9, 2018, in the Court of Common Pleas in Ross County, Ohio. (ECF No. 4). Defendants timely removed the action to this Court pursuant to 28 U.S.C. §§ 1332(a) and 1441, *et seq.*, because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and the matter in controversy is between citizens of different states. (ECF No. 1).

According to the Complaint, Defendant Cherokee 8A Group, Inc. was the successful bidder on a construction contract with the Chillicothe Veterans Administration to repair Building 31 as the prime contractor. (¶ 4, ECF No. 4). Defendant Cherokee subcontracted with Plaintiff to perform Division D, the electric portion, of the construction contract. (*Id.* ¶ 5). Plaintiff asserts that all work was performed under the contract, but that Defendant Cherokee materially breached the contract. (*Id.* ¶¶ 6–14). Plaintiff brings claims against Defendant Cherokee for declaratory

1

judgment, breach of contract, violation of New Jersey's Prompt Payment statute, and bad faith.

Plaintiff further alleges that Defendant Liberty Mutual Surety is a business unit of the Liberty Mutual Group that provides services to the Liberty Mutual Group's member companies, including Liberty Mutual Insurance Company. (*Id.* ¶ 3). Plaintiff alleges that the Liberty Mutual Defendants, collectively, were the surety on the construction contract. Plaintiff alleges that it filed a surety claim but that its claim was rejected by the Liberty Mutual Defendants. (*Id.* ¶¶ 26–28). Plaintiff brings claims against the Liberty Mutual Defendants on the surety, under New Jersey's Prompt Payment statute, and for bad faith.

After removing the action, Defendants collectively moved to dismiss the action or to stay all claims pending arbitration. (ECF No. 9).

II. **STANDARD OF REVIEW**

The standard for ruling on Defendants' Motion is dictated by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.,* which provides that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition" for an order compelling arbitration. 9 U.S.C. § 4. "[U]pon being satisfied that the issue involved in such suit or proceeding is referable to arbitration[,]" a court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." *Id.* § 3.

The FAA manifests "a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983); *see also* 9 U.S.C. §§ 1–16; *Shearson/Am. Express, Inc. v. McMahon,* 482 U.S. 220, 226, (1987); *Stachurski v. DirecTV, Inc.,* 642 F. Supp. 2d 758, 764 (N.D. Ohio 2009). The Act sets up "a presumption in favor of

arbitration," *Marchetto v. DeKalb Genetics Corp.,* 711 F. Supp. 936, 938 (N.D. Ill. 1989) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth,* 473 U.S. 614, 625 (1985) and *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24–25 (1983)), and requires that courts "rigorously enforce agreements to arbitrate." *Dean Witter Reynolds, Inc.* v. *Byrd,* 470 U.S. 213, 221 (1985).

"To enforce this dictate, [the FAA] provides for a stay of proceedings when an issue is referable to arbitration . . . ." *Javitch v. First Union Sec., Inc.,* 315 F.3d 619, 624 (6th Cir. 2003) (citing 9 U.S.C. §§ 3–4). In cases where all claims are referred to arbitration, the litigation may be dismissed rather than merely stayed. *Hensel v. Cargill, Inc.,* No. 99–3199, 198 F.3d 245 (table), 1999 WL 993775, at *4 (6th Cir. Oct. 19, 1999); *Alford v. Dean Witter Reynolds Inc.,* 975 F.2d 1161, 1164 (5th Cir. 1992) (holding that dismissal is proper where all claims must be submitted to arbitration).

If the validity of an arbitration agreement is "in issue," the court must hold a trial to resolve the question. 9 U.S.C. § 4. "In order to show that the validity of the agreement is 'in issue,' the party opposing arbitration must show a genuine issue of material fact as to the validity of the agreement to arbitrate." *Great Earth Cos., Inc. v. Simons,* 288 F.3d 878, 889 (6th Cir. 2002). "The required showing mirrors that required to withstand summary judgment in a civil suit." *Id.* A district court, therefore, must view all facts and inferences in the light most favorable to the party opposing arbitration and determine "whether the evidence presented is such that a reasonable finder of fact could conclude that no valid agreement to arbitrate exists." *Id.*

The Sixth Circuit applies a four-pronged test to evaluate a motion to dismiss or stay the proceedings and compel arbitration:

(1) The Court must determine whether the parties agreed to arbitrate;

(2) The Court must determine the scope of the agreement;

(3) If federal statutory claims are asserted, the Court must consider whether Congress intended those claims to be non-arbitrable; and

(4) If the Court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Stout v. J.D. Byrider,* 228 F.3d 709, 714 (6th Cir. 2000). In applying this test, "doubt regarding the applicability of an arbitration clause should be resolved in favor of arbitration." *Id.* at 715.

## III. ANALYSIS

### A. The claims against Defendant Cherokee

Looking to the Sixth Circuit *Stout* test to determine whether to dismiss or stay the claims against Defendant Cherokee, Plaintiff and Cherokee did agree to arbitrate. Plaintiff does not dispute that its contract with Cherokee requires arbitration; rather, Plaintiff claims that it should not be bound by the arbitration requirement because (1) the contract is "uncertain" about where the arbitration is to take place, (2) the location of the arbitration will result in "extreme inconvenience," and (3) the contract violates New Jersey law because it requires Plaintiff to waive its mechanic lien rights. None of these arguments are availing.

**1. The location of the arbitration does not invalidate the parties' contractual requirement to arbitrate.**

Section 2 of the FAA provides that a "written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. It is the FAA and not state law that governs the enforceability of the parties' selection of a forum for

arbitration. 9 U.S.C. § 1 *et seq.; see also Brady and Horne Co., Inc. v. The Haskell Co.,* No. 08-2885, 2009 WL 10698661, at *5 (W.D. Tenn. July 8, 2009). "The Supreme Court has held that, under Section 2, the forum expectations of parties to an arbitration agreement as reflected in a written agreement may not be upset by state law." *Mgmt. Recruiters Int'l, Inc. v. Bloor*, 129 F.3d 851, 856 (6th Cir. 1997) (citing *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984)).

Strong federal policy favoring enforcement of arbitration agreements limits a court's authority to invalidate the forum expectations contained in such an agreement:

> While a court may recognize that enforcement of a forum-selection clause . . . in an arbitration agreement may be inconvenient and burdensome to the parties in some instances, the Court does not have the authority to invalidate a term of an arbitration agreement simply on the forum non conveniens argument that it is unfair, unreasonable, or inconvenient to one of the parties." *Pomeroy v. Lincoln Nat. Life Ins. Co.,* 2012 WL 5364367, [at] *4 n.5 (N.D. Ohio Oct. 30, 2012) (citing *Management Recruiters Intern., Inc. v. Griffith,* 1992 WL 46100 (N.D. Ohio, Feb.23, 1992)). Under 9 U.S.C. § 4, this Court may only review the "'making of the agreement to arbitrate.'" *Id.* The only grounds upon which a court may refuse to enforce an arbitration agreement under the FAA are those that exist for the revocation of a contract—fraud, duress, or unconscionability. *Id.*

*Weddle Enterprises, Inc. v. Treviicos-Soletanche, J.V.*, No. 14CV-00061, 2014 WL 5242904, at *4 (W.D. Ky. Oct 15, 2014). Thus, Courts in the Sixth Circuit have routinely enforced forum selection clauses in arbitration agreements even when the selected forum inconveniences one of the parties. *See id.* (enforcing clause requiring arbitration in Massachusetts); *Pomeroy,* 2012 WL 5364367, at *4 (enforcing clause requiring arbitration in North Carolina or New Hampshire); *Tennessee Imports, Inc. v. Filippi*, 745 F. Supp. 1314, 1326–27 (M.D. Tenn. 1990) (enforcing clause requiring arbitration in Italy).

### a. The contract is not uncertain about where the arbitration is to take place.

Plaintiff first argues that the contractual arbitration provision's requirement that any arbitration take place in Morris County, New Jersey is not "certain" enough to enforce the

provision. In support of its argument, Plaintiff cites *Copelco Capital v. Shapiro*, 750 A.2d 773 (N.J. Super. Ct. App. Div. 2000), which found that a floating forum selection clause was invalid. As discussed above, the enforceability of the selection of a forum for arbitration is determined by federal law and not by state law. Thus, Plaintiff's reliance on *Copelco Capital* is misplaced.

Here, the arbitration forum selection is sufficiently specific. The arbitration is to be held in one county: Morris County, New Jersey.

### b. "Inconvenience" is not a basis to invalidate an arbitration clause.

Plaintiff next argues that the facts of this case "demonstrate extreme inconvenience which renders the forum selection clauses unenforceable[.]" (Pl. Mem. Contra, 4, ECF No. 19). In support of this argument, Plaintiff provides only unsupported allegations that all the witnesses are in Ohio and all discovery would occur in Ohio. Even assuming, *arguendo*, that these allegations are true, they do not rise to the level sufficient for refusing to enforce an arbitration agreement under the FAA.

### 2. The contract does not require that Plaintiff waive its mechanic lien rights.

Plaintiff argues that it should not be bound by the arbitration clause because the contract that requires arbitration also requires it to waive its lien rights in violation of New Jersey law. However, a review of the plain language of the contract makes it clear that Plaintiff has misinterpreted the lien waiver provision. Section L of the contract does require a subcontractor, such as Plaintiff, to waive its right to file a lien under certain circumstances:

> The Subcontractor, for itself and its subcontractors, material suppliers, and employees, does hereby expressly waive the right to file any lien or claim against the project, or the land or buildings connected therewith, or any money held by the Owner for payment to the Contractor for work performed under the general contract, *except where such waiver of the lien is held illegal under applicable law*.

(Subcontract Agreement, Ex. 1, p. 18, ¶ L.1., ECF No. 4) (emphasis added)).

6

Thus, it is not necessary for this Court to analyze the FAA or New Jersey law on the issue of waiver of construction lien rights because the contract provides that, if a lien waiver is illegal under the law applied to the agreement, that contractual requirement does not apply. Plaintiff's argument is without merit.

**3. Plaintiff's claims against Defendant Cherokee are subject to arbitration.**

Having found that Plaintiff's arguments against enforcement of the arbitration clause are meritless, the Court returns to the Sixth Circuit *Stout* test to evaluate Defendants' Motion to Dismiss or Stay Pending Arbitration. As to the second prong of the *Stout* test, the arbitration agreement applies to all of Plaintiff's claims against Defendant Cherokee. And, as to the third prong of the test, no federal statutory claims are asserted in this case. That leaves the final prong of *Stout*.

The FAA instructs a court to stay an action "upon being satisfied that the issue involved . . . is referable to arbitration." 9 U.S.C. § 3. A court may also dismiss an action where all of the claims are arbitrable. *See Moore v. Ferrellgas, Inc.*, 533 F. Supp. 2d 740, 751–52 (W.D. Mich. 2008) (dismissing action where court could "discern no purpose for retaining jurisdiction and staying the action").

The Court concludes that dismissal of the claims against Defendant Cherokee is appropriate. All of Plaintiff's claims against Cherokee arise out of the contract between the two parties and stem from Plaintiff's allegation that Cherokee materially breached the contract. All of these claims will be addressed by the arbitration. Staying the claims against Defendant Cherokee rather than dismissing them under these circumstances would serve no purpose. Therefore, the Court **GRANTS** Defendants' Motion to Dismiss as to Defendant Cherokee.

7

### B. The claims against the Liberty Mutual Defendants

Defendants move to stay the claims against Defendants Liberty Mutual Group, Inc. and Liberty Mutual Insurance Company. In response, Plaintiff argues that the Liberty Mutual Defendants cannot rely upon the contractor's arbitration clause.

Even though a nonsignatory may not invoke § 3 of the FAA in moving to stay an action pending arbitration, a district court has discretion to stay third party litigation involving common questions of fact within the scope of an arbitration agreement to which the third party is not a signatory. *AgGrow Oils, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh,* 242 F.3d 777, 782 (8th Cir. 2001); *see also IDS Life Ins. Co. v. SunAmerica, Inc.,* 103 F.3d 524, 530 (7th Cir. 1996) (explaining that although only a party to an arbitration is entitled to a § 3 stay, nonsignatories may be entitled to a stay "under the doctrine of abstention applicable to parallel proceedings in judicial and arbitral fora"); *Nederlandse Erts-Tankersmaatschappij, N.V. v. Isbrandtsen Co.,* 339 F.2d 440, 441 (2d Cir. 1964) (same). The decision whether to stay the entire case, including nonarbitrable issues, is at the discretion of the court. *Moses H. Cone*, 460 U.S. at 20 n.23; *see also Volkswagen of America, Inc. v. SUD's of Peoria, Inc.*, 474 F.3d 966, 971 (7th Cir. 2007); *Klay v. All Defendants*, 389 F.3d 1191, 1204 (11th Cir. 2004); *American Recovery Corp. v. Computerized Thermal Imaging, Inc.*, 96 F.3d 88, 97 (4th Cir. 1996); *Strip for CBCA Adm'rs, Inc. v. Loge Grp., LLC*, No. 10CV81, 2011 WL 13232511, at *6 (S.D. Ohio 2011).

Here, Plaintiff's claims against the Liberty Mutual Defendants are derivative of its claims against Defendant Cherokee. Thus, the Court finds that a stay would best serve the interests of the parties and the interests of justice. Accordingly, Defendants' Motion to Stay the claims against the Liberty Mutual Defendants is **GRANTED.**

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss or Stay Pending Arbitration is **GRANTED**. Defendant Cherokee is hereby **DISMISSED**. The claims against the Liberty Mutual Defendants are hereby **STAYED.** Plaintiff is **ORDERED** to advise the Court when the arbitration proceedings have concluded and the stay should be lifted as to the Liberty Mutual Defendants.

**IT IS SO ORDERED.**

                                                 /s/ Sarah D. Morrison
                                                SARAH D. MORRISON
                                                UNITED STATES DISTRICT JUDGE